### HARLESTON v. WEST LOUISIANA BANK.

[89 South. 257,   No. 22065.]

1. SEQUESTRATION. *Under statute, sequestration bond held distinct from injunction bond.*

Section 564, Code of 1906 (section 324, Hemingway's Code), provides for the making of a sequestration bond before the writ of sequestration shall issue. Under this section, a sequestration bond is a separate and distinct bond from an injunction bond executed according to the provisions of section 610, Code of 1906 (section 370, Hemingway's Code).

2. APPEAL AND ERROR. *Sequestration bond may be required to be made in supreme court.*

Where the record in a cause pending in this court shows that no sequestration bond was made in the lower court, upon motion the complainant in the lower court will be required to make this bond in accordance with section 564, *supra.*

APPEAL from chancery court of Panola county.

HON. JAS. G. MCGOWEN, Chancellor.

Action by the West Louisiana Bank against Ashleigh Harleston. Judgment for plaintiff, and defendant appeals. On motion to require appellee to execute a sequestration bond. Motion sustained.

38

*Whittington & Osborn* and *Colson & Guy,* for appellant.

*Rainwater & Stovall,* for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellant filed a motion in this court to require the appellee to execute a sequestration bond with sufficient sureties in double the value of the personal property sequestred, as shown, by the valuation of the sheriff. An injunction bond for the sum of eleven thousand dollars for the issuing of the temporary injunction in this case was approved by the chancellor. However, no sequestration bond was made. The injunction bond in this case was in accordance with section 610, Code or 1906 (section 370, Hemingway's Code).

Section 564, Code of 1906 (section 324, Hemingway's Code), provides that before the writ of sequestration shall issue the complainant shall enter into bond with sufficient sureties payable to the defendant in double the value of the property proposed to be seized to be fixed by the clerk from affidavit, or such other evidence as may satisfy him, conditioned to pay all damages which may accrue from the wrongful seizure of the property to be sequestered, which bond shall be filed in the cause.

This section provides for a separate and distinct bond from the injunction bond in case of the issuance of the writ of sequestration.

The motion is therefore sustained, and the appellee will be required to execute this sequestration bond conditioned according to section 564, Code of 1906 (section 324, Hemingway's Code), to be approved by the chancery clerk.

*Motion sustained.*